IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DARION L. KIRKSEY,

Petitioner,

vs.

CIVIL ACTION NO.: CV206-038

JOSE VASQUEZ, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Darion L. Kirksey ("Petitioner"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). Respondent filed a Return on the Court's Order to Show Cause, and Petitioner has filed a Traverse. For the following reasons, the petition for habeas corpus should be **DISMISSED**.

## STATEMENT OF THE CASE

Petitioner was convicted of conspiracy to distribute cocaine base in the United States District Court for the Middle District of Florida. (Doc. No. 1, p. 3). On November 28, 2000, after entering a plea of guilty, Petitioner was sentenced to 121 months' confinement. (Gov. Ex. 1, p. 2). On July 19, 2005, Petitioner was charged in an Incident Report with Possession of Narcotics after marijuana was found during a shakedown search of his cell. (Doc. No. 6, pp. 2-3). On July 20, 2005, this Incident Report was delivered to Petitioner notifying him of the charge against him. The matter was referred to the Unit Discipline Committee ("UDC"), which conducted an initial hearing at which Petitioner appeared on July 22, 2005. (Gov. Ex. 2). The UDC made no disposition and referred the matter to the

Disciplinary Hearing Officer ("DHO"), who conducted a hearing on August 2, 2005 and concluded that Petitioner had committed the prohibited act as charged. (Gov. Ex. 6). The DHO sanctioned Petitioner to thirty (30) days' segregation, disallowance of forty (40) days' Good Conduct Time, loss of social visiting privileges for 365 days, and restriction of visiting to immediate family only for 180 days after that. (Id. at 3).

Throughout the course of the investigation and prosecution of the narcotics offense, Petitioner maintained that he had no knowledge of the marijuana's presence in the cell that he shared with two other inmates. In this petition for habeas corpus, Petitioner contends that he did not, in fact, possess the narcotics in question as evidenced by the fact that he occupied the lower bunk in the cell and the drugs were found in the middle bunk. (Doc. No. 1, p. 4). Petitioner alleges that the DHO relied on erroneous information in making his determination that the charge was supported by the evidence. (Id. at 4-5). Petitioner contends that these deficiencies resulted in the denial of his rights to due process of law. (Id. at 4). Petitioner asserts that this Court should declare that the actions taken against him were unlawful and order that Respondent rescind the incident report in question and correct his Custody Classification Points. (Id. at 6). Petitioner avers that the allegedly unlawful increase in his Custody Classification Points resulted in his transfer to a medium security institution when he should actually be housed at low security levels. (Doc. No. 7, p. 4).

Respondent asserts that Petitioner has failed to demonstrate how the requested relief would result in an earlier release from custody. Therefore, Respondent contends, Petitioner is not entitled to habeas relief. (Doc. No. 6, p. 6). Respondent further alleges that there is no constitutional basis for Petitioner's claims because he has no liberty interest

2

in prison classification decisions. (Id. at 6-7). Finally, Respondent contends that Petitioner was afforded all the protections required by due process throughout the course of the proceedings against him. (Id. at 7-8).

## DISCUSSION AND CITATION TO AUTHORITY

A writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 provides prisoners the opportunity to seek relief from unlawful imprisonment or custody. The remedy of habeas corpus does not extend to a prisoner unless a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The statute clearly refers to the legality of the prisoner's custody, not to conditions that a prisoner may experience while incarcerated. Thus, "while the petition for writ of habeas corpus is the sole remedy for prisoners challenging the fact or duration of their imprisonment," its availability as a means of contesting the conditions of confinement is a question that has expressly been left open by the Supreme Court. Gomez v. U.S., 899 F.2d 1124, 1126-27 (11th Cir. 1990) (citing Presier v. Rodriguez, 411 U.S. 475, 504, 93 S. Ct. 1827, 1843-44, 36 L. Ed. 2d 439 (1973) and Bell v. Wolfish, 441 U.S. 520, 527, n. 6, 99 S. Ct. 1861, 1868 n. 6, 60 L. Ed. 2d 447 (1979)). However, the law of the Eleventh Circuit is clear that the appropriate relief from unconstitutional prison conditions is not release by writ of habeas corpus. Instead, it is a discontinuance of the improper practice or correction of the conditions. Gomez, 899 F.2d at 1127 (citing Cook v. Hanberry, 596 F.2d 658, 660 (5th Cir. 1979)).

Petitioner's contentions in this case are claims that the conditions, as opposed to the validity, of his confinement are unconstitutional. The relief Petitioner seeks is the lowering of his Custody Classification Points, which he claims would result in his return to

lower security housing. Petitioner thus contests the conditions of his confinement, and a favorable decision by this Court granting that relief would not result in his release from custody. Thus, even if certain conditions of Petitioner's confinement have violated his constitutional rights, this action is not the proper remedy. Should Petitioner wish to assert a civil rights claim based on alleged violations of due process, he must assert those claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), not in a habeas corpus petition. Accordingly, the Court finds that Petitioner is not entitled to habeas corpus relief. It is unnecessary to address any further contentions of the parties.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED and RECOMMENDED**, this 20th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)